E. John Vodonick, Ph.D. (SB#063089)
Vodonick Lawfirm
PO Box 763
Nevada City. California 95959
Telephone 530 478 1078
Facsimile 530 687 6304

In Pro Se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Vodonick | Case No. 2:15-cv-00539-JAM-EFB |
| Plaintiff, | First Amended Complaint for Declaratory Relief and to Quiet Title |
| vs. | |
| Federal National Mortgage Association, Inc. a Federally Chartered Corporation, all persons claiming any right, title or interest in certain real property, Does 1 through 50, inclusive. | |
| Defendants. | |

COME now plaintiff and for cause of action against defendants and each of them alleges as follows:

1

2                          GENERAL ALLEGATIONS

3                          Jurisdiction and Venue

4  1.   Defendant Federal National Mortgage Association, Inc. (Fannie

5  Mae) is a federally chartered corporation which (among other

6  things) in its charter provides that it is empowered to sue and be

7  sued, and to complain and to defend, in any court of competent

8  jurisdiction, State or Federal. Accordingly this Court has Federal

9  Question Jurisdiction of this case.

10 2.   Defendant Fannie Mae does business in this district and is at

11 home in this district; moreover the real property at issue in this

12 case is located in this district and Plaintiff is informed and

13 believes that Fannie Mae has agreed to sell and convey its interest

14 to individuals or entities that are domiciled in this district

15 accordingly venue is correct in this district.

16                               Parties

17 3.   Plaintiff John Vodonick is an individual domiciled in this

18 district and owns and occupies the improved real property more

19 particularly described and located at 15240 Willow Ridge Court,

20 Nevada City, California (the dominant tenement).

21 4.   Defendant Federal National Mortgage Association, Inc. (Fannie

22 Mae) is a federally chartered corporation which is purportedly

23 vested in title to improved real property more particularly

24 described and located at 15230 Willow Ridge Court, Nevada City,

25 California (the servient tenement).

26 5.   Plaintiff is unsure of the true names and capacities of the

27 defendants named Does 1 through 50 herein and accordingly sues said

28

1  defendants by such fictitious names; Plaintiff will amend this

2  complaint when the true names and capacities of said defendants are

3  ascertained.

4  6.    Plaintiff further names as defendants all persons or entities

5  who claim some right, title or interest in and to the disputed real

6  property as hereinafter described as Plaintiff discovers the names

7  of such persons claiming rights and interests he will amend this

8  complaint to reflect the same.

9                          Background Facts

10  7.    The dominant tenement and the servient tenement (together with

11  three other parcels) were once a single parcel. The improvements

12  upon the dominant tenement were the only improvements on the single

13  parcel. The single parcel bordered on Mosquito Creek which is a

14  tributary of Deer Creek and a navigable waterway. The single parcel

15  was under common ownership.

16  8.    A portion of the servient tenement has historically been used

17  by the dominant tenement as access to Mosquito Creek for purposes

18  of accessing Mosquito Creek and Deer Creek, for recreational

19  purposes to maintain a fire safe perimeter and for purposes of

20  drawing emergency water in the event of fire. The area subject to

21  use was and is clearly marked, permanent, obvious and visible. The

22  use of the servient tenement in the manner alleged heretofore was

23  and is reasonably necessary for the benefit of the dominant

24  tenement.

25  9.    Plaintiff acquired title by grant deed to the dominant

26  tenement on October 29, 1987. Immediately prior to the conveyance

27  of the dominant tenement to John Vodonick the single parcel was

28

First Amended Complaint Vodonick vs. Fannie Mae.

1  divided into five parcels including the dominant tenement and the

2  servient tenement.

3  10.   Subsequent to becoming vested in title to the dominant

4  tenement Plaintiff and his family and guests continued to use the

5  trails and portions of the servient tenement that had been

6  historically used and clearly visible to access Mosquito Creek and

7  Deer Creek for purposes of recreation to maintain a defensible fire

8  protection perimeter and as an emergency water source.

9  11.   On or about July 12, 1988 Plaintiff became vested in title

10  with an easement over the servient tenement; a true and correct

11  copy of said easement deed is attached as exhibit 1 subsequently on

12  September 27, 1988 Plaintiff became vested with a further easement

13  over the servient tenement; a true and correct copy of said

14  easement deed is attached as exhibit 2. It has always been the

15  intention of the grantor and Plaintiff that the boundary and use of

16  the deeded easement be determined by the course and scope of the

17  Plaintiff's use as aforesaid.

18  12.   Subsequent to September 27, 1988 and at all times since that

19  date Plaintiff, his family and guests have continued to use the

20  trails and portions of the servient tenement that had been

21  historically used and clearly visible to access Mosquito Creek and

22  Deer Creek for purposes of recreation, to maintain a defensible

23  fire protection perimeter and as an emergency water source.

24  13.   Subsequent to July 12, 1988 and at all times since that date

25  Plaintiff, has paid all property taxes separately assessed upon the

26  trails and portions of the servient tenement that has been

27  historically used and clearly visible to access Mosquito Creek and

28

First Amended Complaint Vodonick vs. Fannie Mae.

1  Deer Creek for purposes of recreation a defensible fire protection
2  perimeter and as an emergency water source.
3  14.   For at least the last ten years Plaintiff and Fannie Mae's
4  predecessors in title have engaged in discussions regarding the
5  ownership of the area of the servient tenement used by Plaintiff,
6  his family and his guests.  During that time Plaintiff, his family
7  and guests have maintained the area of the servient tenement used
8  by Plaintiff, his family and guests and have created a fire safe
9  defensible perimeter that includes that area. Plaintiff has claimed
10 the continued right to engage in such conduct and use a portion of
11 the servient tenement for that purpose.
12 15.   Plaintiff is informed and believes that on or about December
13 2, 1997 Robert Story (deceased) executed and delivered his deed to
14 trust securing a promissory note with the servient tenement to
15 Fannie Mae's predecessor in interest. Plaintiff is further informed
16 and believes that August 5, 2014 Fannie Mae declared the promissory
17 note assigned to it in default and elected to proceed by way of
18 statutory foreclosure of the interest of Robert Story in the
19 servient tenement; Plaintiff has not been given notice of this
20 default prior to the date of the purported sale as more fully
21 alleged hereinafter. A true and correct copy of said notice of
22 default is attached as exhibit 3.
23 16.   At some time unknown to Plaintiff Robert Story committed
24 suicide in the servient tenement.
25 17. On or about October 31, 2014 Fannie Mae posted notice on the
26 servient tenement that it would be sold to satisfy its lien at
27 public auction on the Nevada County Courthouse steps on November
28

5

26, 2014 at 12:30 p.m. On or about the same time Fannie Mae published such notice by recordation, a true and correct copy of such notice is attached as exhibit 4.

18.   Plaintiff was interested in acquiring the servient tenement to protect his property rights and accordingly employed his agent to appear at the time and place of the public auction and place his bid for the property and to acquire the same. At all times Plaintiff was ready, willing and able to do so.

19.   Plaintiff's agent appeared at the time and place noticed for the public auction and waited for approximately one and one half hours. The auction did not take place nor did anyone announce a continuance of the auction date and time.

20. Plaintiff in informed and believes that Fannie Mae caused the servient tenement to be sold at public auction on or about December 1, 2014 at the County Courthouse of Nevada County, California. Plaintiff was not given notice of such sale nor did Plaintiff reasonably have any way to acquire notice of such sale. Had Plaintiff had notice of the sale he would have attended and made a full credit bid.

21. On or about December 2, 2014 First American Title Insurance Company purporting to act as successor trustee executed and delivered to Fannie Mae its Trustees Deed Upon Sale of the servient tenement. A true and correct copy of said Trustees Deed Upon Sale is attached as exhibit 5.

22. Plaintiff offers to do equity.

First Claim for Relief

Declaratory Relief

23. Plaintiff incorporates by this reference paragraphs 1 though and including 22 as if set forth in full at this point.

24. An actual controversy has arisen and exists between the parties in that Plaintiff contends that:

A. The purported deed to Fannie Mae is null, void and of no effect;

B.   Plaintiff is vested in title and interest in and to an easement as heretofore described and which will be ascertained by a meets and bounds description over the servient tenement to access Mosquito Creek and Deer Creek for purposes of recreation to maintain a defensible fire protection perimeter and as an emergency water source;

C.   Plaintiff is vested in fee title and interest in and to that portion of the property described as 15230 Willow Ridge Court, Nevada City, California heretofore described and which will be ascertained by a meets and bounds description over the servient tenement to access Mosquito Creek and Deer Creek.

Plaintiff is informed and believes that the Defendants and each of them dispute such contentions.

25.  This Court has jurisdiction over this controversy as a Federal Question.

Second Claim for Relief

Quiet Title Easement by Implication

26.  Plaintiff incorporates by this reference paragraphs 1 though and including 22 as if set forth in full at this point.

27.  This is an action brought pursuant to <u>California Code of Civil Procedure § 760.020.</u>

7

28.   The basis of Plaintiff's title is a grant deed to Plaintiff recorded in the Official Records of Nevada County on October 29, 1987 as document number 19870030610, exhibit 1 and exhibit 2.

29.   As a further basis of Plaintiffs title the right to an easement as aforesaid it was and is reasonably necessary that an easement be implied through the unity of title, use, ownership and subsequent conveyance be adjudged and decreed.

30.   The claims of right, title and interest adverse to Plaintiff's in and to said easement as described are without any foundation or justification.

31.   The basis of the Defendant's title is exhibit 5.

Third Claim for Relief

Quiet Title Agreed Boundary Line

32.   Plaintiff incorporates by these reference paragraphs 1 though and including 22, 27, 28, 30 and 31 as if set forth in full at this point.

33.   The boundary line between the servient tenement as burdened by Plaintiff's easement was subject to mutual uncertainty and in dispute. Within twenty years last past the boundary line was expressly and/or impliedly agreed to be located as presently constituted on the ground.

Fourth Claim for Relief

Quiet Title Prescriptive Easement

34.   Plaintiff incorporates by this reference paragraphs 1 though and including 22, 27, 28, 30 and 31 as if set forth in full at this point.

First Amended Complaint Vodonick vs. Fannie Mae.

35. A further basis of Plaintiff's title is the user of Plaintiff, his family and guests for over twenty seven years in the manner set forth hereinabove, openly, notoriously and adverse to the interests of all true owners or persons claiming to be true owners and the payment of all real estate taxes specially assessed against the portions of the servient tenement so used for that period of time.

Fifth Claim for Relief

Title by Adverse Possession

35.  Plaintiff incorporates by this reference paragraphs 34 and 35 as if set forth in full at this point.

36.  Plaintiff has paid all taxes separately assessed upon the portion of the servient tenement constantly used by Plaintiff, his family and guests for the last twenty five years.

37.  Plaintiff claims fee title to the disputed area of the servient tenement.

Prayer

Plaintiff prays judgment against Defendants and each of them as follows:

First Claim for Relief

    That this Court declare the rights and liabilities of the parties and in particular declare, adjudge and decree that:

A. The purported deed to Fannie Mae is null, void and of no effect;

    B.   Plaintiff is vested in title and interest in and to an easement as heretofore described and which will be ascertained by a meets and bounds description over the servient tenement to access Mosquito Creek and Deer Creek for purposes of recreation to

9

First Amended Complaint Vodonick vs. Fannie Mae.

1 maintain a defensible fire protection perimeter and as an emergency
2 water source;

3    C.   Plaintiff is vested in fee title and interest in and to
4 that portion of the property described as 15230 Willow Ridge Court,
5 Nevada City, California heretofore described and which will be
6 ascertained by a meets and bounds description over the servient
7 tenement to access Mosquito Creek and Deer Creek.

8 <u>Second Claim for Relief</u>

9    That this Court cite Defendants and each of them to appear and
10 assert such claims adverse to the claims of Plaintiff to an
11 easement over and upon the servient tenement and that the Court
12 determine that said Defendants have no right, title or interest
13 adverse or superior to the claims of the Plaintiff.

14 <u>Third Claim for Relief</u>

15    That this Court cite Defendants and each of them to appear and
16 assert such claims adverse to the claims of Plaintiff to an
17 easement over and upon the servient tenement and that the Court
18 determine that said Defendants have no right, title or interest
19 adverse or superior to the claims of the Plaintiff.

20 <u>Fourth Claim for Relief</u>

21    That this Court cite Defendants and each of them to appear and
22 assert such claims adverse to the claims of Plaintiff to an
23 easement over and upon the servient tenement and that the Court
24 determine that said Defendants have no right, title or interest
25 adverse or superior to the claims of the Plaintiff.

26 <u>Fifth Claim for Relief</u>

27    That this Court cite Defendants and each of them to appear and
28

First Amended Complaint Vodonick vs. Fannie Mae.

assert such claims adverse to the claims of Plaintiff to an easement over and upon the servient tenement and that the Court determine that said Defendants have no right, title or interest adverse or superior to the claims of the Plaintiff in and to fee title to that portion of the servient tenement as shown by proof and description.

All claims for relief:

1. For costs of suit incurred herein; and

2. For such other and further relief as the court may deem appropriate.

DATED: February 27, 2015

John Vodonick

In Pro Se

First Amended Complaint Vodonick vs. Fannie Mae.

**VERIFICATION**

I, John Vodonick, declare:

I am the Plaintiff in the above-entitled action. I have read the first amended complaint and know the contents thereof. The same are true of my own personal knowledge except as to those matters stated on information and believe and as to those matters, I believe them to be true.

I declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this Verification was executed on Saturday, March 14, 2015 at Nevada City, California.

_____
John Vodonick

INTER-COUNTY TITLE CO. #85817 gv

88 26149

RECORDED AT THE REQUEST OF
INTER-COUNTY TITLE CO

'88 SEP 27 PM 1: 30

NEVADA COUNTY
RECORDER

5⁰/a

AND WHEN RECORDED MAIL TO

Name E. John Vodonick
Street Address 2150 Professional Drive, Suite 110
Roseville, CA 95661
City & State

MAIL TAX STATEMENTS TO

Name
Street Address
City & State

SPACE ABOVE THIS LINE FOR RECORDER'S USE

CAT NO NN00582
TO 1923 CA (7—82)

EASEMENT **Deed**

THIS FORM FURNISHED BY TICOR TITLE INSURERS

The undersigned grantor(s) declare(s):

Documentary transfer tax is $ ___-0-___
( ) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
( X ) Unincorporated area ( ) City of _____, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

TIM R. SMITH and PEGGY A. SMITH, husband wife

hereby GRANT(S) to  E. JOHN VODONICK, an unmarried man

the following described real property in the unincorporated area of the
County of        Nevada                          , State of California:

AN EASEMENT FOR ACCESS AND RECREATION OVER THE WESTERLY FIVE FEET AND THE NORTHERLY
FIFTY FEET OF THE FOLLOWING DESCRIBED PROPERTY:

PARCEL 2, AS SHOWN ON THE PARCEL MAP 87-18 AND BOUNDARY LINE ADJUSTMENT FOR WILLOW
RIDGE ONE, filed in the Office of the Recorder, County of Nevada, State of California
on August 12, 1987 in Book 17 of Parcel Maps, Page 132.

THE ABOVE DESCRIBED EASEMENT IS APPURTENANT TO PROPERTY OWNED BY GRANTEE HEREIN.

Dated:   September 22, 1988

                                            Tim R. Smith

                                            Peggy A. Smith

STATE OF CALIFORNIA
COUNTY OF ___Nevada___ }SS.
On ___September 22, 1988___ before
me, the undersigned, a Notary Public in and for said State,
personally appeared ___Tim R. Smith and___
___Peggy A. Smith___
personally known to me or proved to me on the basis of sat-
isfactory evidence to be the person _s_ whose name _s_ _are_
subscribed to the within instrument and acknowledged
that _they_ executed the same.
WITNESS my hand and official seal

Signature _____
           Bonnie L. Scherer

OFFICIAL SEAL
BONNIE L. SCHERER
NOTARY PUBLIC - CALIFORNIA
NEVADA COUNTY
My Comm. Expires April 28, 1992

OFFICIAL SEAL
BONNIE L. SCHERER
NOTARY PUBLIC - CALIFORNIA
NEVADA COUNTY
My Comm. Expires April 28, 1992

(This area for official notarial seal)

Title Order No _____    Escrow or Loan No _____

MAIL TAX STATEMENTS AS DIRECTED ABOVE          END OF DOCUMENT

Exhibit 1

AFTER RECORDING RETURN TO

Mr. and Mrs. Tim R. Smith
12438, Ste C Loma Rica Drive
Grass Valley, CA 95945

88 17719

OFFICIAL RECORDS
REQUESTED BY
FIDELITY NATIONAL
TITLE INS. CO.

1988 JUL 12 AM 9:00

BRUCE C. BOLINGER
NEVADA COUNTY
RECORDER

## GRANT & RESERVATION OF EASEMENT FOR ACCESS & RECREATION

WHEREAS, Tim R. Smith & Peggy A. Smith, husband and wife are the owners of certain real property known as Nevada County Assessors Parcel No. 36-250-31, (herein known and referred to as the "servient tenement) which is more particurlarly described as follows:

Parcel 2, as shown on the Parcel Map for Tim R. & Peggy A. Smith, being a portion of the East half of the Northwest quarter of the Northeast quarter of Section 8, Township 16  North, Range 9 East, M.D.B. & M., as filed in the office of the Nevada County Recorder on August 12, 1987 in Book 17 of Parcel Maps at Page 132.

EXCEPTING THEREFROM the perpetual right and ownership, together with the right to mine for, extract and take minerals from beneath the surface of and the subsurface of that portion of the said property, lying more than 100 feet beneath the surface thereof, provided that no mining operations shall be conducted by said Grantor, its successors or assigns, on the surface of the real property hereby conveyed, or at any point within 100 feet below the surface thereof, as reserved by the Quitclaim Deed dated September 4, 1970, recorded October 15, 1970 in Book 531 of Official Records at Page 29, executed by Newmont Exploration Limited, a Delaware corporation to Maxine E. Tabor et al.

AND WHEREAS, Tim R. Smith & Peggy A. Smith, husband and wife further are the owners of Nevada County Assessors Parcel No. 36-250-36 and E. John Vodonick is the owner of Nevada County Assessors Parcel No. 36-250-32 (collectively known as "the dominant tenement ).

Grantors are desirous of reserving and granting unto the dominant tenement [Assessors Parcel No.'s 36-250-32 and Assessors Parcel No. 36-250-36] an easement over and along the servient tenement for access to and along "Mosquito Creek" which constitutes the Northern most boundary line of the servient tenement.

Exhibit 2

88 17719

In accordance therewith Grantor does hereby grant and reserve unto the dominant tenement an easement for access across "the servient tenement" for foot traffic to reach "Mosquito Creek" and for recreation along and upon Mosquito Creek.

_11 Jul 88_
DATE

_TIM R. SMITH_

_7/11/88_
DATE

_PEGGY A. SMITH_

---

STATE OF CALIFORNIA        )
                           ) ss
County of  NEVADA          )

(Acknowledgment)

On this  11th  day of  ____July____, in the year 19 88 , before me, the undersigned , a Notary Public in and for the said County and State, residing therein, duly commissioned and sworn, personally appeared  TIM R. SMITH and PEGGY A. SMITH

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s)

(☒ INDIVIDUAL)   Whose name is subscribed to this instrument  and acknowledged that he (she or they) executed it

(☐ CORPORATION)   Who executed the within instrument as _____ president and _____ secretary, on behalf of the corporation therein named, and acknowledged to me that such corporation executed the within instrument pursuant to its articles and by-laws and a resolution of its Board of Directors

(☐ PARTNERSHIP)   That _____ executed the within instrument on behalf of the partnership  and acknowledged to me that the partnership executed it

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, in and for said County and State, the day and year first above written

Notary Public in and for said County and State of California
My commission expires

FD-1B

OFFICIAL SEAL
SUSAN EARHART
NOTARY PUBLIC-CALIFORNIA
NEVADA COUNTY
My Commission Expires Dec 25 1990

Through the courtesy of —
Fidelity National Title
INSURANCE COMPANY OF CALIFORNIA

END OF DOCUMENT

3                                                                                          5

Recording Requested By:
First American Title Insurance Company

Nevada County Recorder
Gregory J. Diaz
Document#: 20140014719
Tuesday August 05 2014, at 12:48:25 PM
Rec Fee:$26.00      CCF:$1.00
Paid: $27.00
Recorded By:CP

When Recorded Mail To:
**First American Title Insurance Company
6 CAMPUS CIRCLE
WESTLAKE, TX 76262**

APN:                    **36-250-31**
**Property Address:  15230 WILLOW
RIDGE CT**

                        **NEVADA CITY, CA
                        95959**

---

TS No. :    **CA1400259863**
TSG No. :   **8456153**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

ATTENTION RECORDER: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY

- NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
   注：本文件包含一个信息摘要
   참고사항: 본 첨부 문서에 정보 요약서가 있습니다
   NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
   TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
   LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**Pursuant to California Civil Code Section 2924c(b)(1) please be advised of the following:**

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five days business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is **$14,686.97** as of **08/01/2014**, and will increase until your account becomes current.

Exhibit 3

| TS No.: | CA1400259863 | TSG No. : | 8456153 |
|---|---|---|---|
| VA/FHA/PM | 1731104164 | | |
| I No.: | | | |

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America**
**c/o First American Title Insurance Company**
**6 CAMPUS CIRCLE**
**WESTLAKE, TX 76262**
**866-429-5179**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

TS No.:        CA1400259863                TSG No. :    8456153
VA/FHA/PMI No.:    1731104164

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED
## OF TRUST

**Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That **First American Title Insurance Company** is either the original trustee, the duly appointed substitute trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 01/11/2013, executed by:

**ROBERT D. STORY, AN UNMARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY,**

as Trustor(s) to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") AS NOMINEE FOR QUICKEN LOANS INC., MML 5357** as Beneficiary, recorded 02/11/2013, (as Instrument No.) **20130004142,** (in Book) , (Page)  of Official Records in the Office of the Recorder of **NEVADA COUNTY, CALIFORNIA** describing land therein as:
AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST

said obligations including ONE NOTE FOR THE ORIGINAL sum of **$389,325.00.**

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 3/1/2014 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES. NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

TS No.:          CA1400259863          TSG No. :    8456153
VA/FHA/PMI No.:    1731104164

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

That by reason thereof, the present beneficiary under such deed of trust, has deposited with said agent such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: 8-1-14

First American Title Insurance Company
6 CAMPUS CIRCLE
WESTLAKE TX 76262

By: _____
                          (signature)
Name: _____
                     DeeAnn Gregory
Title: _____
                  Authorized Signatory

**First American Title Insurance Company MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

See Attached Declaration

Declaration of Mortgage Servicer Pursuant to
Civil Code §2923.55(c)

**STORY, ROBERT D**
**15230 WILLOW RIDGE CT**
**NEVADA CITY, CA 95959-8640**
**Fannie Mae (Federal National Mortgage Association)**

The undersigned is an authorized agent of Seterus, Inc. and hereby represents and declares as follows:

1. ☐ On ___/___/____, Seterus, Inc., the servicer for Fannie Mae, made contact with the borrower(s) pursuant to California Civil Code §2923.55(b)(2) to assess the financial situation of the borrower(s) and to explore options for the borrower(s) to avoid foreclosure.

2. ☒ No contact was made with the borrower(s) despite the due diligence of the authorized agent pursuant to California Civil Code §2923.55(f), including (a) mailing a first-class letter to the borrower(s), which included a toll-free number to contact a HUD-certified housing counseling agency; (b) attempting to contact the borrower(s) by telephone at the primary telephone number on file at least three times at different hours and on different days, or determining that the primary and secondary phone numbers on file were disconnected; and (c) having received no response from the borrower(s) for 14 days after the telephone contact efforts were completed, sending an additional letter to the borrower(s) via certified mail, with return receipt requested. The following efforts were made to contact the borrower(s) to assess the financial situation of the borrower(s) and to explore options for the borrower(s) to avoid foreclosure:
   On _4/8/14_ , a call was attempted in the morning.
   On _4/4/14_ , a call was attempted in the afternoon.
   On _4/7/14_ , a call was attempted in the evening.

3. ☐ No contact was required by the mortgage servicer because the individual(s) identified above did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5. The borrower(s) surrendered the secured property as evidenced by a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, its authorized agent or the trustee.

4. ☐ No contact was required by the mortgage servicer because the individual(s) identified above did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5.The beneficiary or its authorized agent has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized, that is, there is no order on the court's docket closing or dismissing the bankruptcy case.

5. ☐ The mortgage servicer could not complete the due diligence requirements because _____.

I certify that this declaration is accurate, complete, and supported by competent and reliable evidence that the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

By: _Kelsey Storsved_          Dated: _5/30/2014_

Name: _Kelsey Storsved_

F064C

Recording Requested By:
First American Title Insurance Company

When Recorded Mail To:
First American Title Insurance Company
6 CAMPUS CIRCLE
WESTLAKE, TX 76262
866-429-5179

Nevada County Recorder
Gregory J. Diaz
Document#: 20140021214
Friday October 31 2014, at 12:57:26 PM
Rec Fee:$17.00     CCF:$1.00
Paid: $18.00
Recorded By:CP

TSG No.:          8456153
TS No.:           CA1400259863
FHA/VA/PMI No.:
APN:              36-250-31
Property Address: 15230 WILLOW RIDGE CT
                  NEVADA CITY, CA 95959

NOTICE OF TRUSTEE'S SALE

**ATTENTION RECORDER: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 01/11/2013. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On 11/26/2014 at 12:30 P.M., First American Title Insurance Company, as duly appointed Trustee under and pursuant to Deed of Trust recorded 02/11/2013, as Instrument No. 20130004142, in book , page , , of Official Records in the office of the County Recorder of NEVADA County, State of California. Executed by:

**ROBERT D. STORY, AN UNMARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY,**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by 2924h(b), (Payable at time of sale in lawful money of the United States)  **At the main entrance to the County Courthouse at 201 Church Street, Nevada City, CA.**

All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as: AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST APN# 36-250-31

The street address and other common designation, if any, of the real property described above is purported to be:
**15230 WILLOW RIDGE CT, NEVADA CITY, CA 95959**

he undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$396,934.82**. The beneficiary under said Deed of Trust has deposited all documents evidencing the obligations secured by the Deed of Trust and has declared all sums secured thereby immediately due and payable, and has caused a written Notice of Default and Election to Sell to be executed. The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located.

Exhibit 4

Trustee Sale No.  CA1400259863

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and if applicable, the rescheduled time and date for the sale of this property, you may call **(916)939-0772** or visit this Internet Web **http://search.nationwideposting.com/propertySearchTerms.aspx**, using the file number assigned to this case **CA1400259863** Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

*If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.*

Date: **OCT 2 9 2014**

First American Title Insurance Company
5 First American Way
Santa Ana  CA  92707

First American Title Insurance Company MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE

William Brown
Authorized Signatory

FOR TRUSTEES SALE INFORMATION PLEASE CALL
(916)939-0772

3

Recording Requested By
First American Title Insurance Company

Nevada County Recorder
Gregory J. Diaz
Document#: 20140023981
Monday December 08 2014, at 12:27:57 PM
Rec Fee:$20.00
Paid: $20.00
Recorded By:AB

When Recorded & Mail Tax Statements To :
FEDERAL NATIONAL MORTGAGE ASSOCIATION
14221 Dallas Parkway Suite 1000
Dallas TX 75254

APN:                    36-250-31
Property Address        15230 WILLOW RIDGE CT
                        NEVADA CITY CA 95959

Title Order #   8456153
TS Number       CA1400259863
Loan Type       Conventional
Case #          1731104164

# TRUSTEES DEED UPON SALE

The undersigned grantor declares under penalty of perjury

1) The grantee herein WAS the foreclosing Beneficiary
2) The amount of the unpaid debt together with costs was.......... $ 393,824.21
3) The amount paid by the Grantee at the trustee sale was.......... $ 393,824.21
4) The documentary transfer tax is ..................................... $ 0 - Exempt

5) Said property is  UNINCORPORATED

First American Title Insurance Company , (herein called Trustee), as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without warranty, expressed or implied to :

Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of NEVADA in the State of California, described as follows :

See Exhibit A attached hereto and made a part hereof.

Recitals :
This conveyance is made pursuant to the powers conferred upon the Trustee by that certain Deed of Trust dated 01/11/2013 and executed by ,

## ROBERT D. STORY, AN UNMARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY

as Trustor, and recorded 02/11/2013, as Instrument No. 20130004142, in Book , Page , of Official Records of NEVADA County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMMODATION ONLY

Exhibit 5

APN Number :          36-250-31
Title Order Number :  8456153
TS Number :           CA1400259863
Loan Type :           Conventional

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the office of the County Recorder of said County.

All requirements of law and the applicable Deed of Trust including, but not limited to those enumerated by Civil Code 2924, et. seq., regarding the mailing, publication, personal delivery and posting of the Notice of Default and Notice of Sale, as respectively appropriate, have been met.

Said property was sold by said Trustee at public auction on 12/01/2014 at the place named in the Notice of Sale, in the County of NEVADA in the State of California, in which the property is situated. Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefore to said Trustee the amount of **$393,824.21** in lawful money of the United States, or by the satisfaction, pro tanto, of the obligation then secured by said Deed of Trust

Date : _Dec. 2, 2014_

First American Title Insurance Company

By : _____
                Lisa A. McSwain
             **Authorized Signatory**

State of Texas
County of Tarrant

Before me _____ S. Mosby _____ , a Notary Public , on this day personally appeared

_____ Lisa A. McSwain _____ , known to me to be the person whose name is subscribed to therefore going instrument and acknowledged to me that this person executed the same for the purposes and considerations therein expressed.

Given under my hand and seal of office this day of _12/2/14_

Witness my hand and official seal

Signature : _____

S. MOSBY
Notary Public, State of Texas
My Commission Expires
August 25, 2018

APN Number :           36-250-31
Title Order Number :   8456153
TS Number :            CA1400259863
Loan Type :            Conventional

# Exhibit A

## Legal Description

PARCEL 2 AS PER MAP FILED AUGUST 12, 1987, IN BOOK L7 OF PARCEL MAPS, PAGE 132. EXCEPT THE PERPETUAL RIGHT AND OWNERSHIP, TOGETHER WITH THE RIGHT TO MINE FOR, EXTRACT AND TAKE MINERALS FROM BENEATH THE SURFACE OF AND THE SUBSURFACE OF THAT PORTION OF THE SAID PROPERTY LYING MORE THAN ONE HUNDRED FEET BENEATH THE SURFACE THEREOF; PROVIDED THAT NO MINING OPERATIONS SHALL BE CONDUCTED BY SAID GRANTOR, ITS SUCCESSORS OR ASSIGNS, ON THE SURFACE OF THE REAL PROPERTY HEREIN CONVEYED OR AT ANY POINT WITHIN ONE HUNDRED FEET BELOW THE SURFACE THEREOF, AS RESENTED BY NEWMONT EXPLORATION LIMITED BY THE QUITCHIM DEED RECORDED OCTOBER 15, 1970, IN BOOK 531 PAGE 29 OF OFFICIAL RECORDS.