1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN VODONICK,                    No.  2:15-cv-00539-JAM-EFB

12            Plaintiff,

13       v.                            **ORDER GRANTING IN PART AND
                                       DENYING IN PART DEFENDANTS'**
14   FEDERAL NATIONAL MORTGAGE         **MOTION FOR JUDGMENT ON THE**
     ASSOCIATION, INC., a              **PLEADINGS**
15   federally chartered
     corporation, all persons
16   claiming any right, title or
     interest in certain real
17   property; and DOES 1 through
     50, inclusive,
18
              Defendants.
19

20        Defendant Federal National Mortgage Association ("Fannie

21   Mae") moves for judgment on the pleadings pursuant to Federal

22   Rule of Civil Procedure 12(c) on two of the three requested

23   declarations of the first claim for relief and the third, fourth

24   and fifth claims for relief in Plaintiff John Vodonick's

25   ("Vodonick") First Amended Complaint ("FAC"). This motion was

26   opposed by Vodonick.  For the reasons set forth below, the Court

27

28
                                  1

1  grants in part and denies in part, Fannie Mae's motion.[1]

2

3       I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

4       According to the allegations in the FAC:

5       Vodonick owns and resides in real property known as 15240

6  Willow Ridge Court in Nevada City, California ("Vodonick

7  Property").  FAC ¶ 3.  The Vodonick Property neighbors a property

8  located at 15230 Willow Ridge Court in Nevada City, California

9  ("Neighboring Property").  Id. ¶ 4.  Both properties were once a

10 single parcel that bordered Mosquito Creek, a tributary of Deer

11 Creek.  Id. ¶ 7.  The single parcel was divided into five parcels

12 at some point immediately prior to October 29, 1987, which is

13 when Vodonick acquired title by deed to the Vodonick Property.

14 Id. ¶ 9.

15      On July 12, 1988, Vodonick received an easement over the

16 Neighboring Property from the then-owners of the Neighboring

17 Property, Tim R. Smith and Peggy A. Smith ("The Smiths"), in

18 order to access Mosquito Creek.  Id., Exh. 2.  The scope of the

19 easement was clarified in an easement deed entered into between

20 Vodonick and the Smiths on September 22, 1988 and recorded on

21 September 27, 1988. Id., Exh. 1.  Since this time, Vodonick has

22 continuously exercised his rights in the easement and has paid

23 all property taxes separately assessed upon the easement.  Id. ¶¶

24 12-13.

25      The Smiths conveyed the Neighboring Property to Ronald B.

26 Claridge and Michelle J. Claridge ("The Claridges") by a grant

27 _____

28 [1] This motion was determined to be suitable for decision without
   oral argument.  E.D. Cal. L.R. 230(g).

                              2

1    deed that was recorded on September 27, 1988.  Request for

2    Judicial Notice ("RJN"), Exh. 1.  The grant deed reserved "an

3    easement for access and recreation over the easterly five

4    feet . . . and the Norhterly 50 feet."  _Id._  The Trustee of

5    Ronald B. Claridge then transferred the Neighboring Property to

6    Robert D. Story and Stephanie L. Story ("The Storys") by a grant

7    deed that was recorded on December 3, 1997.  RJN, Exh. 2.

8        A promissory note related to Neighboring Property was

9    assigned to Fannie Mae and declared to be in default on or around

10   August 1, 2014.  FAC ¶ 15; _Id._, Exh. 3.  Fannie Mae issued a

11   notice on October 31, 2014, that the Neighboring Property would

12   be sold at a public foreclosure auction on November 26, 2014 at

13   12:30 p.m.  _Id._ ¶ 17; _Id._, Exh. 4.  Vodonick was interested in

14   acquiring the Neighboring Property and dispatched an agent to the

15   auction.  _Id._ ¶¶ 18-19.  But the auction did not take place and

16   no party announced a continuance of the sale.  _Id._ ¶ 19.

17   Instead, the Neighboring Property was apparently sold at a public

18   auction on or about December 1, 2014.  _Id._ ¶ 20.  Vodonick never

19   received notice of this postponed foreclosure sale and alleges

20   that he would have attended and made a good faith bid on the

21   property.  _Id._  On December 2, 2014, First American Title

22   Insurance Company, acting as Trustee of Neighboring Property for

23   the foreclosure sale, conveyed the Neighboring Property to Fannie

24   Mae.  _Id._ ¶ 21; _Id._, Exh. 5.

25       Vodonick asserts five claims for relief in his FAC.  The

26   first claim for relief seeks declarations that (1) the purported

27   deed to Fannie Mae is "null, void and of no effect," (2) Vodonick

28   is vested in title and interest to the easement, and (3) Vodonick

3

1  is vested in fee title to the portion of the Neighboring Property

2  that contains the easement.  <u>Id.</u> at 7.  The second claim for

3  relief seeks to quiet title to the easement by implication,

4  pursuant to California Code of Civil Procedure section 760.020.

5  <u>Id.</u> at 7-8.  The third claim for relief seeks to quiet title to

6  an agreed boundary line for the easement.  <u>Id.</u> at 8.  The fourth

7  claim for relief seeks to quiet title by a prescriptive easement.

8  <u>Id.</u> at 8-9.  And the fifth claim for relief seeks title to the

9  easement by adverse possession.  <u>Id.</u> at 9.

10

11                         II.   OPINION

12       A.   <u>Legal Standard</u>

13       Federal Rule of Civil Procedure ("Rule") 12(c), states that

14  "[a]fter the pleadings are closed—but early enough not to delay

15  trial-a party may move for judgment on the pleadings."  For the

16  purposes of Rule 12(c), the pleadings are closed once an answer

17  has been filed.  <u>Doe v. United States</u>, 419 F.3d 1058, 1061 (9th

18  Cir. 2005).  Since Fannie Mae has filed its answer and the

19  motion will not delay trial, a Rule 12(c) motion is appropriate

20  at this time.

21       Rule 12(c) motions are "functionally identical" to Rule

22  12(b) motions.  <u>Dworkin v. Hustler Magazine Inc.</u>, 867 F.2d 1188,

23  1192 (9th Cir. 1989).  "Judgment on the pleadings is proper when

24  the moving party clearly establishes on the face of the

25  pleadings that no material issue of fact remains to be resolved

26  and that it is entitled to judgment as a matter of law."  <u>Hal</u>

27  <u>Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1550

28  (9th Cir. 1989).  Just as in Rule 12(b) motions to dismiss,

4

1  courts must accept as true the allegations of the non-moving

2  party.  Id.

3        B.  Judicial Notice

4        Vodonick seeks judicial notice pursuant to Federal Rule of

5  Evidence 201 of the following two documents: (1) a deed from the

6  Smiths to the Claridges recorded on September 27, 1988 (RJN,

7  Exh. 1), and (2) a deed from the Trustee of the Trust of Ronald

8  B. Claridge to the Storys dated December 1, 1997 and recorded on

9  December 3, 1997 (RJN, Exh. 2).

10       A court may take judicial notice of a fact that is not

11  reasonably disputed if it "can be accurately and readily

12  determined from sources whose accuracy cannot reasonably be

13  questioned."  Fed. R. Evid. 201(b)(2).  On a motion to dismiss,

14  courts are allowed to consider "matters of public record."

15  Northstar Fin. Advisors Inc. v. Schwab Investments, 779 F.3d

16  1036, 1042 (9th Cir. 2015) (quoting Coto Settlement v.

17  Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010)).

18       The documents submitted by Vodonick are in the public

19  record and are not subject to reasonable dispute, and Fannie Mae

20  has not objected to their judicial notice.  As such, the Court

21  grants Vodonick's request for judicial notice of these two

22  documents. Nat. Mortgage Ass'n, 55 F. Supp. 3d 915, 927 (N.D.

23  Tex. 2014); Fed. Nat. Mortgage Ass'n v. Davis, 963 F. Supp. 2d

24  532, 543 (E.D. Va. 2013).

25       ///

26       ///

27       ///

28       ///

C.     Analysis

1.     Declaratory Relief

Fannie Mae first moves for judgment on the pleadings with respect to two of the three declarations that Vodonick seeks on his first claim for relief.

a.     Declaration that Fannie Mae's Interest in Neighboring Property is Null and Void.

First, Fannie Mae objects to Vodonick's claim for a declaration that Fannie Mae's interest in the Neighboring Property is null and void.  Fannie Mae argues that Vodonick, as an easement holder, was not entitled to personal notice of the foreclosure sale on the Neighboring Property and thus has no standing to make this challenge.  Mot. at 3; Reply at 2.  In opposition, Vodonick argues that Fannie Mae's interest in the Neighboring Property is null and void because the foreclosure sale was fraudulently conducted prior to the delivery of the trustee's deed.  Opp. at 6.  Specifically, Vodonick argues that the postponement of the foreclosure sale failed to meet the notice requirements of California Civil Code Sections ("Section") 2924f and 2924g(d).  Id. at 6-7.

California has an extensive web of regulations that govern the process for non-judicial foreclosure sales.  Section 2924f establishes the initial procedural notice requirements for a foreclosure sale, while Section 2924g(d) establishes the notice requirements for *postponed* foreclosure sales.  Section 2924g(d) explicitly states that 2924f regulations are only required for postponed sales if the sale is postponed for more than 365 days.

6

Cal. Civ. Code § 2924g(c)(2).  Vodonick alleges that the foreclosure sale in this case was delayed by only one week.  FAC ¶¶ 17, 20.  Thus, the procedural notice requirements imposed by Section 2924f are irrelevant in this case.  Fannie Mae was not required to abide by any of the procedures found in Section 2924f for its second foreclosure sale, and that sale cannot be rendered null and void for any alleged violations of Section 2924f.

Though Section 2924f is inapplicable to this case, Section 2924g is directly on point.  When a party postpones a foreclosure sale,

> "[t]he notice of each postponement and the reason therefor shall be given by public declaration by the trustee at the time and place last appointed for sale. A public declaration of postponement shall also set forth the new date, time, and place of sale and the place of sale shall be the same place as originally fixed by the trustee for the sale.  No other notice of postponement need be given."

Cal. Civ. Code § 2924g(d).  Vodonick specifically alleges that his agent "appeared at the time and place noticed for the public auction . . . [but] the auction did not take place nor did anyone announce a continuance of the auction date and time."  FAC ¶ 19. This allegation, taken as true for the purposes of this motion, sufficiently demonstrates that Fannie Mae violated Section 2924g(d).  The issue then becomes whether this alleged violation renders the subsequent sale completely null and void.

Vodonick cites In re Kekauoha-Alisa, 674 F.3d 1083 (9th Cir. 2012), to support his claim that the failure to provide an oral declaration of the postponement renders a subsequent sale void. In In re Kekauoha-Alisa, the debtor sued the creditor for a violation of Hawaii Revised Statute (HRS) section 667-5, which

1  authorizes the postponement of foreclosure sales "by public
2  announcement made by the mortgagee or by a person acting on the
3  mortgagee's behalf."  In re Kekauoha-Alisa, 674 F.3d at 1086.
4  After finding that the mortgagee failed to make a proper
5  "announcement," the court concluded that Hawaiian law requires
6  that a violation of section 667-5, "whether . . . grievously
7  prejudicial or merely technical," voids a subsequent foreclosure
8  sale.  Id. at 1089.

9      California does not follow Hawaii's lead on this issue.  In
10  California, mere procedural violations of the foreclosure notice
11  requirements do not automatically render a subsequent sale void.
12  Instead, plaintiffs seeking to challenge a subsequent foreclosure
13  sale must demonstrate that the violation of a foreclosure notice
14  requirement actually prejudiced them.  Knapp v. Doherty, 123
15  Cal.App.4th 76, 94-97 (2004); Lehner v. United States, 685 F.2d
16  1187, 1190-91 (9th Cir. 1982).

17      The Ninth Circuit rejected a claim almost identical to
18  Vodonick's claim in Benson v. Ocwen Loan Servicing, LLC, 562 F.
19  App'x 567 (9th Cir. 2014).  Like Vodonick, Benson alleged that
20  the creditor wrongfully foreclosed on a property because it
21  failed to properly publicly announce the new sale date at the
22  originally scheduled auction.  The court rejected this claim
23  because it found that Benson could not demonstrate that he was
24  prejudiced by the procedural failure.  Specifically, the court
25  reasoned that Benson had received actual notice of the new sale
26  date and that Benson had "not adduced evidence that any failure
27  to make a public announcement deprived him of equity in the
28  property or prevented a qualified person from bidding on the

8

1   property at the auction."   <u>Benson</u>, 562 F. App'x at 570.

2         Unlike the plaintiff in <u>Benson</u>, Vodonick has alleged enough

3   facts to demonstrate that he was prejudiced by the alleged

4   technical failure to properly announce the postponement of the

5   foreclosure sale.   First, Vodonick alleges that he did not

6   receive notice and had no reasonable way to obtain notice, FAC ¶

7   20, and at this stage of the proceedings, the Court must take his

8   allegations as true.   Second, Vodonick claims that he would have

9   attended and made a full credit bid if he had notice of the

10  subsequent sale.   FAC ¶ 20.   Though the failure to make the

11  announcement did not deprive Vodonick "of equity in the

12  property," it allegedly deprived him of the opportunity to bid on

13  the property.   <u>Benson</u>, 562 F. App'x at 570.   Since the <u>Benson</u>

14  rule permits a showing of prejudice either by the deprivation of

15  equity in a property or by the deprivation of an opportunity for

16  a qualified person to bid on the property, Vodonick has

17  sufficiently stated a claim that he was prejudiced by the

18  procedural failure. The Court therefore denies Fannie Mae's

19  motion for judgment on the pleadings with respect to Vodonick's

20  first claim for a declaration that Fannie Mae's interest in the

21  Neighboring Property is void.

22              b.   <u>Declaration that Vodonick is vested in fee</u>
                     <u>title and interest in Neighboring Property</u>.
23

24        Fannie Mae also moves for judgment on the pleadings on

25  Vodonick's requested declaration that Vodonick is "vested in fee

26  title and interest" in the portion of the Neighboring Property

27  that is covered by his easement.   FAC at 7.   Fannie Mae argues

28  that "it is basic property law that an easement is not a

1   possessory interest in property." Mot. at 4.  Fannie Mae further

2   argues that Vodonick cannot demonstrate fee simple title in the

3   Neighboring Property through adverse possession.  Reply at 5.

4   Vodonick's opposition argues that he has received "title by

5   adverse possession."  Opp. at 9.

6       First, Vodonick does not have a possessory interest in the

7   Neighboring Property due to his easement.  "An easement is a

8   nonpossessory interest in the land of another . . . [that]

9   represents a limited privilege to use the land of another for the

10  benefit of the easement holder's land, but does not create an

11  interest in the land itself." Beyer v. Tahoe Sands Resort, 129

12  Cal.App.4th 1458, 1472 (2005) (quotations omitted).  Thus,

13  Vodonick cannot be declared vested in fee title to the property

14  over which his easement runs due to his status as an easement

15  holder.

16      Second, Vodonick cannot be declared vested in fee title and

17  interest over the property over which his easement runs under a

18  theory of adverse possession.  To properly establish a claim to

19  property by adverse possession, Vodonick would have to prove,

20  among other things, that his possession was "adverse and hostile

21  to the true owner." Mehdizadeh v. Mincer, 46 Cal.App.4th 1296,

22  1305 (1996).  "'Adverse use' means only that the claimant's use

23  of the property was made without the explicit or implicit

24  permission of the landowner." Aaron v. Dunham, 137 Cal.App.4th

25  1244, 1252 (2006).

26      Vodonick has not alleged any hostility with respect to his

27  use of the Neighboring Property.  Given that Vodonick's easement

28  over the Neighboring Property was validly and voluntarily

conveyed, his use of the Easement cannot be adverse.  In fact, Vodonick alleges that the grantors expressly intended to permit Vodonick's use of the easement.  FAC ¶ 11; Opp. at 9 ("[I]t was the intention of Plaintiff and his Grantors that the Neighboring Property continued to be used in this manner.").  Thus, Vodonick cannot be declared vested in fee title and interest in the actual property over which his easement runs under a theory of adverse possession.

     As such, the court grants with prejudice Fannie Mae's motion for judgment on the pleadings on Vodonick's first cause of action insofar as it seeks a declaration that Vodonick is "vested in fee title and interest" to the portion of the Neighboring Property that is covered by his easement.  FAC ¶ 24C.  <u>Eminence Capital, LLC v. Aspeon Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment.").

                    2.  <u>Quiet Title to Agreed Boundary Line</u>

     Vodonick's third claim for relief alleges that "the boundary line between the servient tenement as burden by Plaintiff's easement was subject to mutual uncertainty and in dispute."  FAC ¶ 33.  He then claims "Within twenty years last past the boundary line was expressly and/or impliedly agreed to be located as presently constituted on the ground."  <u>Id.</u>  Fannie Mae seeks judgment on this claim because "it is completely unclear as to what Vodonick seeks."  Mot. at 5.  Fannie Mae also argues that Vodonick has failed to establish an actual controversy over the exact boundary line between the Vodonick Property and the

11

1    Neighboring Property or the exact boundary line for the easement.

2    Id.  In opposition, Vodonick asserts that he has "alleged facts

3    satisfying all of the substantive elements to establish the

4    boundary of the user by the agreed boundary line," citing to

5    paragraphs ten, eleven, and twelve of the FAC.  Opp. at 10.

6         The elements necessary to establish title by agreed boundary

7    line include (1) uncertainty as to the true boundary line, (2) an

8    agreement between the coterminous owners fixing the location of

9    the line, and (3) acceptance and acquiescence in the line so

10   fixed for a period equal to the statute of limitations or under

11   such circumstances that substantial loss would be caused by a

12   change of its position.  Fobbs v. Smith, 202 Cal.App.2d 209, 214,

13   20 Cal. Rptr. 545, 548 (1962).

14        A careful review of the FAC reveals that Vodonick has failed

15   to allege sufficient facts to support a plausible claim that

16   there is uncertainty as to the true boundary line.  Paragraphs

17   ten and twelve of the FAC contain no allegations of a disputed

18   boundary line.  Paragraph eleven of the FAC alleges that that it

19   was the intention of the grantor and Vodonick "that the boundary

20   and use of the deeded easement be determined by the course and

21   scope of the Plaintiff's use as aforesaid."  FAC ¶ 11.  But this

22   allegation does not establish uncertainty.  And the claim that

23   the "easement was subject to mutual uncertainty and in dispute"

24   in paragraph thirty-three of the FAC is conclusory and

25   unsupported by any factual allegations.  Bell Atlantic Corp. v.

26   Twombly, 550 U.S. 544, 555-56 (2007).

27        The Court therefore grants the motion for judgment on the

28   pleadings on the third claim for relief in the FAC with

12

1   prejudice.

2           3.   Prescriptive Easement and Adverse Posession

3       Vodonick seeks to quiet title to the property over which the

4   easement runs under theories of adverse possession in the fourth

5   claim for relief and prescriptive easement in the fifth claim for

6   relief.  FAC ¶¶ 34-37.  Fannie Mae moves for judgment on the

7   pleadings on both of these claims, arguing that Vodonick has not

8   alleged and cannot demonstrate the hostility element that is

9   required under either theory.  Mot. at 6-7.  Vodonick, in

10  opposition, argues that he has "factually alleged all the

11  elements to establish an easement by prescription and title by

12  adverse possession."  Opp. at 11.

13      "To establish the elements of a prescriptive easement, the

14  claimant must prove use of the property, for the statutory period

15  of five years, which use has been (1) open and notorious;

16  (2) continuous and uninterrupted; (3) hostile to the true owner;

17  and (4) under claim of right."  Mehdizadeh, 46 Cal.App.4th at

18  1305.  Similarly, to establish a claim over property by adverse

19  possession, Vodonick would have to prove, among other things,

20  that his possession was "adverse and hostile to the true owner."

21  Id.

22      As discussed above, Vodonick's easement over the Neighboring

23  Property was validly and voluntarily conveyed, so his use of the

24  easement has never been and cannot be adverse.  Aaron, 137

25  Cal.App.4th at 1252 ("'Adverse use' means only that the

26  claimant's use of the property was made without the explicit or

27  implicit permission of the landowner.").  As such the court

28  dismisses with prejudice Vodonick's fourth and fifth claims for

1   relief.   <u>Eminence Capital</u>, 316 F.3d at 1052.

2

3                         III.   ORDER

4        For the reasons set forth above, the Court GRANTS WITH

5   PREJUDICE Fannie Mae's motion for judgment on the pleadings with

6   respect to claims for relief three, four, five, and the part of

7   the first claim for relief that seeks a declaration that Vodonick

8   is vested in fee title and interest in the Neighboring Property.

9   The Court DENIES Fannie Mae's motion for judgment on the

10  pleadings with respect to the part of the first claim for relief

11  that seeks a declaration that the purported deed to Fannie Mae is

12  null and void.

13       IT IS SO ORDERED.

14  Dated: March 1, 2016

15                                          _____

16                                          JOHN A. MENDEZ,
                                            UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28