1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7

8    JOHN VODONICK,                     No.  2:15-cv-00539 JAM-EFB

9              Plaintiff,

10        v.                            **ORDER DENYING DEFENDANT'S
                                        MOTION FOR SUMMARY JUDGMENT**
11   FEDERAL NATIONAL MORTGAGE
     ASSOCIATION, INC., a federally
12   chartered corporation, all persons
     claiming any right, title or
13   interest in certain real property;
     and DOES 1 through 50, inclusive,
14
              Defendants.
15

16        Federal National Mortgage Association ("Fannie Mae" or

17   "Defendant") moves for summary adjudication on a portion of John

18   Vodonick's ("Plaintiff") first claim for declaratory relief.[1]

19        For the reasons set forth below, the Court denies the

20   motion.[2]

21   _____

22   [1] Although Defendant uses the term "summary judgment," the
     substance of the motion and the proposed order, ECF No. 28,
23   demonstrate that Defendant only seeks judgment as to part A of
     Plaintiff's declaratory relief claim and not on Plaintiff's
24   second claim related to his purported easement.  Defendant
     contends this claim was dismissed, Reply at 6 (citing ECF No. 18
25   at 13-14), but nothing on the docket indicates that the Court has
     adjudicated the second claim for relief or part B of the
26   declaratory relief claim.
     [2] This motion was determined to be suitable for decision without
27   oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
     scheduled for March 21, 2016.
28

                                   1

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff owns and resides at 15240 Willow Ridge Court in Nevada City, California.  Plaintiff's Response to Defendant's Statements of Undisputed Material Facts ("SUF") at ¶ 1.  In August 2014, Fannie Mae was assigned the promissory note to the neighboring property, which was declared to be in default.  SUF at ¶¶ 2, 3.  In addition to being neighbors, Plaintiff alleges—though Defendant disputes—that he has an easement over a portion of the property.  First Amended Complaint ("FAC") at ¶¶ 10-14; Defendant's Response to Plaintiff's Statement of Disputed Material Facts ("SDF") at ¶ 8.  Fannie Mae posted a copy of the notice of the foreclosure sale—to take place on November 26, 2014, at 12:30 p.m.—at the main entrance of the Nevada County, California, Superior Courthouse.  SUF at ¶ 4; SDF at ¶ 1; Request for Judicial Notice ("RFJN"), ECF No. 27, Exh. 6.

Plaintiff was out of town on November 26, 2014, and dispatched an agent, Michael Nudelman, to appear at the auction.  SUF at ¶ 6.  Although the parties dispute whether or not Mr. Nudelman could have made a valid bid on that day, the parties appear to agree that he showed up for the scheduled sale.  SUF at ¶¶ 6-8; SDS at ¶ 4.  Plaintiff instructed Mr. Nudelman to bid up to the amount of Fannie Mae's lien, but to not get into a bidding war with another bidder.  SUF at ¶ 9.  The parties dispute whether or not someone appeared to cry the sale or continue the sale to another date.  SDS at ¶ 4.  The actual sale took place on a subsequent day.  SDS at ¶ 7.  According to the "Trustees Deed Upon Sale," the property was sold "at public auction on 12/01/2014 at the place named in the Notice of Sale[.]"  RFJN,

2

1  Exh. 8 at 2.

2      Plaintiff filed this action in March, 2015, and the Court

3  granted Defendant's Motion for Judgment on the Pleadings with

4  respect to claims three, four, and five, and part of the first

5  claim in March, 2016.  ECF Nos. 1, 4, & 18.  The Court denied

6  Defendant's motion with respect to the part of the first claim

7  seeking a declaration that the deed to Defendant is null and

8  void.  ECF No. 18.  For the surviving claims, Plaintiff first

9  seeks declarations that the purported deed is null, void, and of

10 no effect and that Plaintiff is vested in title and interest to

11 the easement. Second, Plaintiff seeks to quiet title to the

12 easement by implication.  See FAC.

13                        II.   OPINION

14      A.   Jurisdiction

15      The FAC states that the basis for this Court's jurisdiction

16 is federal question jurisdiction because Defendant's "charter

17 provides that it is empowered to sue and be sued, and to complain

18 and to defend, in any court of competent jurisdiction, State or

19 Federal."  FAC at ¶ 1.  Earlier this year, the U.S. Supreme Court

20 overruled the Ninth Circuit on this issue, holding that the sue-

21 and-be-sued clause in Defendant Fannie Mae's charter only permits

22 suit in a court already endowed with subject-matter jurisdiction

23 and is not an independent source of jurisdiction.  Lightfoot v.

24 Cendant Mortg. Corp., 137 S.Ct. 553 (2017).  The Court notified

25 the parties of the change and permitted the parties to brief this

26 issue.  See Thunder Prop., Inc. v. Treadway, No. 3:15-cv-00141-

27 MMD-VPC, 2017 WL 899961 (D. Nev. Mar. 7, 2017) (relying on

28 Lightfoot in remanding a case to state court where removal was

1   based on the "sue-and-be-sued" clause in Fannie Mae's charter).

2   The parties submitted a joint response conceding that the Court

3   no longer has federal question jurisdiction over the case.  ECF

4   No. 34.  They argued, however, that the Court should retain the

5   case under diversity jurisdiction because the parties are diverse

6   and the property in dispute puts the amount in controversy over

7   the $75,000 minimum.

8        The Court is satisfied that diversity jurisdiction applies

9   in this case.  First, Plaintiff is a California citizen, FAC ¶ 3,

10  and Defendant is a citizen of the District of Columbia, 12 U.S.C.

11  § 1717(a)(2)(B).  Second, Plaintiff's first cause of action seeks

12  a declaration that the deed to Defendant is null and void.  Even

13  though the FAC does not allege damages, the parties provide

14  persuasive authority and evidence that the requirement is met in

15  this case.  See RFJN, ECF No. 35, Exh. 1 (Trustees Deed Upon Sale

16  for the price of $393,824.21); Cohn v. Petsmart, Inc., 281 F.3d

17  837, 840 (9th Cir. 2002) ("In actions seeking declaratory or

18  injunctive relief, it is well established that the amount in

19  controversy is measured by the value of the object of the

20  litigation.") (citation omitted); Hendricks v. Wells Fargo Bank,

21  N.A., No. CV-15-01299-MWF (JEMx), 2015 WL 1644028, at *5-6 (C.D.

22  Cal. Apr. 14, 2015) (finding that, in an action seeking to enjoin

23  the foreclosure sale, the value of the property was relevant to

24  determining the amount in controversy).  The Court thus retains

25  the case.

26       B.   Judicial Notice and Evidentiary Objections

27       Defendant seeks judicial notice of several documents, most

28  of which are not pertinent to the Court's ruling on this motion.

4

1  See RFJN, ECF No. 27.  Among those documents, Defendant requests

2  notice of Defendant's Exhibit 6 (["Notice of Trustee's Sale"]

3  dated October 29, 2014, recorded on October 31, 2014, in the

4  official records of Nevada County as document number 20140021214)

5  and Exhibit 8 (["Trustee's Deed Upon Sale"] dated December 2,

6  2014, recorded in the official records of Nevada County on

7  December 8, 2014, as document number 20140023981).  Defendant

8  again requests notice of the same "Trustee's Deed Upon Sale" in

9  support of its jurisdictional argument.  RFJN, ECF No. 35, Exh.

10  1.  Plaintiff does not raise any objections.  These documents are

11  in the public record and not subject to reasonable dispute.  See

12  Grant v. Aurora Loan Services, Inc., 736 F. Supp. 2d 1257, 1263–

13  64 (C.D. Cal. 2010).  Thus, the Court grants Defendant's requests

14  as to these three documents.

15      As for evidentiary objections, Defendant objects to portions

16  of John Vodonick's Declaration, ECF No. 30-1, and portions of

17  Michael Nudelman's Declaration, ECF No. 30-2, due to

18  contradictions between the declarations and prior testimony or

19  statements.  Reply at 7-9.  Because the Court's ruling does not

20  turn on the declarations, the Court declines to rule on this

21  issue.

22      C.   Legal Standard

23      Summary judgement is proper if the movant shows that there

24  is no genuine dispute as to any material fact and the movant is

25  entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

26  "A moving party without the ultimate burden of persuasion at

27  trial . . . has both the initial burden of production and the

28  ultimate burden of persuasion on a motion for summary judgment."

1  Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210

2  F.3d 1099, 1102 (9th Cir. 2000).  "In order to carry its burden

3  of production, the moving party must either produce evidence

4  negating an essential element of the nonmoving party's claim or

5  defense or show that the nonmoving party does not have enough

6  evidence of an essential element to carry its ultimate burden of

7  persuasion at trial."  Id.  "In order to carry its ultimate

8  burden of persuasion on the motion, the moving party must

9  persuade the court that there is no genuine issue of material

10 fact."  Id.

11      D.   Analysis

12      Plaintiff seeks a declaration that Fannie Mae's deed to the

13 property is null, void, and of no effect due to procedural

14 defects in the notice of sale.  Compl. at ¶¶ 20, 24.  The general

15 presumption is that a foreclosure sale has been conducted

16 regularly and fairly.  6 Angels, Inc. v. Stuart-Wright Mortg.,

17 Inc., 85 Cal. App. 4th 1279, 1284 (2001).  In order to challenge

18 the sale for failure to comply with procedural requirements,

19 there must be evidence that the failure caused prejudice to the

20 plaintiff.  Id.; see Knapp v. Doherty, 123 Cal. App. 4th 76, 96

21 (2004) (finding that the premature mailing of the Sale Notice did

22 not render the sale subject to attack); Benson v. Ocwen Loan

23 Servicing, LLC, 562 Fed. Appx. 567, 570 (9th Cir. 2014)

24 (rejecting a wrongful foreclosure claim premised on defendant's

25 failure to announce the new sale date because the plaintiff

26 received actual notice of the new sale date and could not show

27 prejudice).

28      Defendant argues that Plaintiff was unable to tender payment

1 at the foreclosure sale scheduled for November 26, 2014.  MSJ at

2 4-8; SUF at ¶¶ 7-10.  Defendant contends that, due to this

3 inability, Plaintiff cannot show he was prejudiced by the alleged

4 procedural defect.  Plaintiff argues that facts concerning his

5 ability to tender on November 26, 2014 (the advertised sale date)

6 are irrelevant because the sale did not occur on that date.  Opp.

7 at 1-2.

8     The Court agrees with Plaintiff; Defendant misses the mark.

9 The alleged prejudicial procedural error was Defendant's failure

10 to announce the continuance of the foreclosure sale to a later

11 date, causing Plaintiff to be unable to make a bid at the actual

12 sale.  Thus, the relevant question is whether Plaintiff could

13 have tendered payment on December 1, 2014.  Plaintiff alleges he

14 would have attended and made a full credit bit.  Compl. at ¶ 20.

15 Defendant produces no evidence that Plaintiff could not have done

16 so.  Although neither party cites a factually analogous case,

17 none of the cited cases give the Court any reason to conclude

18 that the inquiry turns on the cancelled foreclosure sale rather

19 than the actual foreclosure sale.  As Defendant's arguments in

20 favor of summary adjudication are premised on this theory, its

21 motion is denied.

22     In a final effort, Defendant asks for summary judgment

23 because declaratory relief is not appropriate where Plaintiff

24 seeks to redress past wrongs.  Defendant did not make this

25 argument in its earlier motions on the pleadings.  ECF Nos. 6 &

26 13.

27     In an action for declaratory relief, the Court must inquire

28 whether there is a case of actual controversy within its

1    jurisdiction.  Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143

2    (9th Cir. 1994).  As Defendant argues, "[a] declaratory relief

3    claim operates 'prospectively,' not to redress past wrongs."

4    Flores v. EMC Mortg. Co., 997 F. Supp. 2d 1088, 1111 (E.D. Cal.

5    2014) (citation omitted).

6        The only foreclosure sale case Defendant cites is

7    distinguishable from the present circumstances.  In Flores v. EMC

8    Mortg. Co., the court dismissed a claim seeking a declaration

9    that the defendants were not authorized to foreclose on a

10   property after the defendants had already foreclosed on the

11   property.  Id. at 1111-12.  The court reasoned that the complaint

12   sought to redress past alleged wrongs, rather than prospective

13   wrongdoing, and, additionally, that the claim must fail given the

14   court's dismissal of the plaintiff's claims on identical issues.

15   Id.  Here, however, the validity of the deed itself is in dispute

16   and Plaintiff seeks a declaration that it is null and void.

17   Thus, there appears to be a live controversy over the deed's

18   status and the Court is not persuaded that the action is merely

19   backward looking.

20                          III.   ORDER

21       For the reasons set forth above, the Court DENIES

22   Defendant's Motion for Summary Judgment.

23       IT IS SO ORDERED.

24   Dated: March 30, 2017

25

26                                   _____
                                     JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE

27

28

                                    8