UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN VODONICK,<br><br>        Plaintiff,<br><br>     v.<br><br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION, INC., a<br>federally chartered<br>corporation, all persons<br>claiming any right, title, or<br>interest in certain real<br>property; and DOES 1 through<br>50, inclusive,<br><br>        Defendants. | No.  2:15-cv-00539-JAM-EFB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

John Vodonick ("Plaintiff") moves for leave to file a second amended complaint.  See Pl. Mot. to Am. ("Pl. Mot."), ECF No. 59. Federal National Mortgage Association ("Defendant") moves for summary judgment on Plaintiff's first claim for declaratory relief, parts (A) and (B), as well as Plaintiff's second claim for quiet title easement by implication.  See Def. Mot. for Summ. J. ("Def. Mot."), ECF No. 60.

///

///

1

1    For the reasons set forth below, the Court DENIES

2  Plaintiff's Motion to Amend the First Amended Complaint and

3  GRANTS Defendant's Motion for Summary Judgment.[1]

4

5              I.   FACTUAL AND PROCEDURAL BACKGROUND

6    On March 10, 2015, Plaintiff filed a complaint against

7  Defendant.  Compl., ECF No. 1.  Plaintiff amended the complaint a

8  few days later to add additional facts but made no changes to the

9  claims for relief.  See First Am. Compl. ("FAC"), ECF No. 4.

10  Plaintiff owns and resides at 15240 Willow Ridge Court in Nevada

11  City, California.  Defendant's Statement of Undisputed Material

12  Facts ("SUF") ¶ 1.  In August 2014, Defendant was assigned the

13  promissory note to the neighboring property, which was declared

14  to be in default.  SUF ¶ 4.  In addition to being neighbors,

15  Plaintiff has an easement over a portion of the property.  SUF

16  ¶ 3.  Defendant posted a copy of the notice of the foreclosure

17  sale—to take place on November 26, 2014, at 12:30 p.m.—at the

18  main entrance of the Nevada County, California, Superior

19  Courthouse.  SUF ¶ 5.

20    Plaintiff was out of town on November 26, 2014, and

21  dispatched an agent, Michael Nudelman, to appear at the auction.

22  SUF at ¶ 7.  Nudelman showed up for the scheduled sale.  SUF at

23  ¶ 13.  What follows is in dispute.  Plaintiff alleges Nudelman

24  waited at the courthouse for approximately one and a half hours,

25  but the auction did not take place, nor did anyone announce a

26

27  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for May 5, 2020.

1  continuance of the auction date and time.  FAC ¶ 19.  Meanwhile,

2  Defendant alleges the foreclosure sale auctioneer, Dana Haemmig,

3  appeared at the courthouse's main entrance, at the time and date

4  set for the sale, and announced it was postponed to December 1,

5  2014.  SUF at ¶ 10.  According to the "Trustees Deed Upon Sale,"

6  the property was sold "at public auction on 12/01/2014 at the

7  place named in the Notice of Sale[.]"  Ex. 8 to Def. Req. for

8  Jud. Notice ("Def. RJN") at 2, ECF No. 61.

9      On March 2, 2016, the Court granted Defendant's Motion for

10 Judgment on the Pleadings with respect to claims three, four, and

11 five, and part of the first claim.  See ECF No. 18.  The Court

12 denied Defendant's motion with respect to the part of the first

13 claim seeking a declaration that the deed to Defendant is null

14 and void.  Id.  On March 31, 2017, the Court denied Defendant's

15 first Motion for Summary Judgment, which only sought judgment as

16 to the first part (part A) of Plaintiff's declaratory relief

17 claim.  See ECF No. 36.  For the surviving claims, Plaintiff

18 first seeks declarations that the purported deed is null, void,

19 and of no effect and that Plaintiff is vested in title and

20 interest to the easement.  Second, Plaintiff seeks to quiet title

21 to the easement by implication.  See FAC.

22     Currently before this Court is Plaintiff's request to amend

23 his complaint for a second time, to add claims of private and

24 public nuisance and unfair business practices.  See Pl. Mot.

25 Defendant filed an opposition top this motion, ECF No. 62, and

26 Plaintiff replied, ECF No. 65. Defendant seeks summary judgment,

27 but on different grounds and for additional claims than its

28 previous motion.  See Def. Mot.  Defendant contends there are no

3

1    triable issues of material fact that would allow for Plaintiff to

2    obtain judgment on either his first or second claims.  Plaintiff

3    opposed this motion, ECF No. 63, and Defendant filed a reply, ECF

4    No. 66.

5

6                            II.   OPINION

7         A.   Plaintiff's Motion to Amend

8              1.   Legal Standard

9         After the Court has filed a pretrial scheduling order, a

10   party's motion to amend must satisfy Rule 16(b)'s "good cause"

11   requirement.  Johnson v. Mammoth Recreations, Inc., 975 F.2d

12   604, 607-08 (9th Cir. 1992).  This requirement primarily looks

13   to "the diligence of the party seeking the amendment."  Johnson,

14   975 F.2d at 609.  "[T]he existence or degree of prejudice to the

15   party opposing the modification might supply additional reasons

16   to deny a motion."  Id.  But, unlike Rule 15's analysis, "the

17   focus of the inquiry is upon the moving party's reasons for

18   seeking modification [of the schedule]."  Id.  If the "[moving]

19   party was not diligent, the inquiry should end."  Id.

20             2.   Judicial Notice

21        Plaintiff suggests the Court "can" take judicial notice

22   that "the foothills and other areas of Northern California have

23   become more and more prone to wildfires."  Pl. Mot at 5.

24   Plaintiff then mentions the Nevada County Hazardous Vegetation

25   Ordinance and refers to his "request to take judicial notice

26   filed concurrently herewith."  Id.  However, Plaintiff failed to

27   include a request for judicial notice with his motion.

28   Plaintiff's request for judicial notice—or lack thereof—is,

                                  4

1   therefore DENIED.

2          3.   Analysis

3               a.   Rule 16(b)

4          Rule 16(b)'s "good cause" requirement is typically not met

5   "where the party seeking to modify the pretrial scheduling order

6   has been aware of the facts and theories supporting amendment

7   since the inception of the action."   In re Western States

8   Wholesale Natural Gas ("Western States"), 715 F.3d 716, 737 (9th

9   Cir. 2013).   Indeed, "carelessness is not compatible with a

10  finding of diligence and offers no reason for a grant of

11  relief."   Johnson, 975 F.2d at 610.

12         Plaintiff's motion to amend raises issues similar to those

13  before the Ninth Circuit in Western States.   In Western States,

14  plaintiffs knew for two years that they had potentially viable

15  federal antitrust claims.   715 F.3d at 737.   Yet, they did not

16  move to amend their complaint to include these claims until

17  seven months after the scheduling order's deadline.   Id.   As a

18  result, the Ninth Circuit held that "the district court [had]

19  not abuse[d] its discretion in concluding that the Plaintiffs

20  were not diligent."   Id. at 737-38.

21         Plaintiff seeks to add claims that are related to an

22  increased risk of wildfire in the area since the Court's March

23  1, 2016 Order on Defendant's Motion for Judgment on the

24  Pleadings.   See Pl. Mot. at 2.   However, as in Western States,

25  Plaintiff has been aware of potential claims related to this

26  increased risk as he, admittedly, has had "concerns regarding

27  the [wildfire] prone nature of the maintenance of [the

28  neighboring] property" since "the inception of the litigation."

1   Pl. Mot. at 4.  Nonetheless, Plaintiff failed to amend his

2   complaint in a timely manner.  In Plaintiff's FAC, filed over

3   five years ago, Plaintiff states that a portion of the

4   neighboring property has "historically been used by the dominant

5   tenement to . . . maintain a fire safe perimeter and for

6   purposes of drawing emergency water in the event of fire."  FAC

7   ¶ 8.  Plaintiff goes on to mention his use of the property as a

8   "defensible fire protection perimeter and [] an emergency water

9   source" repeatedly thereafter.  See FAC ¶¶ 10, 12, 13, 14, 24.

10      In his motion, Plaintiff points to a Nevada County

11  Hazardous Vegetation Ordinance as evidence that the area is at

12  increased risk of wildfire.  Pl. Mot. at 5.  That ordinance was

13  last updated on March 29, 2019—one year before Plaintiff filed

14  the instant motion.  Id.  And in his reply, Plaintiff references

15  a letter to Defendant's attorney as evidence that he requested

16  Defendant take steps to reduce the fuel load on the neighboring

17  property.  Pl. Mot at 4-5.  In this letter, Defendant discusses

18  the ways in which "the hazard of forest fires has been building

19  lately" and informs Defendant's attorney that he is "intensely

20  worried about [his] own safety and the security of [his]

21  property due to the increased fire risk posed by the deplorable

22  and unsafe condition of [Defendant's] property."  Vodonick Decl.

23  at 3-4, ECF No. 65-1.  This letter also dates from approximately

24  one year before Plaintiff filed this motion.  Presented as

25  justification for an amended complaint, both the ordinance and

26  the letter are, instead, evidence that this request to amend is

27  untimely.

28  ///

1    Plaintiff has had concerns over wildfires since he

2    commenced this action over five years ago and for at least the

3    past year, Plaintiff has been aware of an increase in the

4    frequency and severity of wildfires in the area.  Nevertheless,

5    Plaintiff waited until well after this Court's June 25, 2019

6    pretrial scheduling order, see ECF No. 49, and just before the

7    deadline to file dispositive motions, see ECF No. 57, to file

8    this motion to amend his complaint for the second time.  As a

9    result of this significant delay, the Court finds that

10   Plaintiff has failed to satisfy Rule 16(b)'s "good cause"

11   requirement.  The Court therefore need not address whether the

12   amendment to the complaint is proper under Rule 15.

13        Accordingly, the Court DENIES Defendant's Motion to Amend

14   the First Amended Complaint.

15        B.   Defendant's Motion for Summary Judgment

16             1.   Legal Standard

17        A court must grant a party's motion for summary judgment

18   "if the movant shows that there is no genuine dispute as to any

19   material fact and the movant is entitled to judgment as a matter

20   of law."  Fed. R. Civ. Proc. 56(a).  The movant bears the

21   initial burden of "informing the district court of the basis for

22   its motion, and identifying [the documents] which it believes

23   demonstrate the absence of a genuine issue of a material fact."

24   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A fact is

25   material if it "might affect the outcome of the suit under the

26   governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

27   248 (1986).  Once the movant makes this initial showing, the

28   burden rests upon the nonmoving party to "set forth specific

1    facts showing that there is a genuine issue for trial."  Id.  An

2    issue of fact is genuine if "the evidence is such that a

3    reasonable jury could return a verdict for the nonmoving party."

4    Id.

5              2.   Evidentiary Objections

6         Plaintiff raises evidentiary objections to the declaration

7    of Dana Haemmig and the documents attached to her declaration,

8    provided in support of Defendant's Motion for Summary Judgment.

9    See Obj. to Haemmig Decl., ECF No. 63-1.  Regarding the Haemmig

10   declaration, Plaintiff argues it is inadmissible because the date

11   of execution is incomplete and the declaration provides it is

12   governed by California law, not the laws of the United States of

13   America.  Obj. to Haemmig Decl. at 1-3.  However, at the summary

14   judgment stage, courts focus on the admissibility of the

15   evidence's content, not the admissibility of its form.  Fraser v.

16   Goodale, 342 F.3d 1032, 1036 (9th Cir. 2011); see also Burch v.

17   Regents of the University of California, 433 F.Supp.2d 1110, 1119

18   (E.D. Cal. 2006).  Accordingly, the Court overrules this

19   objection at this time.

20        Plaintiff also contends the documents attached to Haemmig's

21   declaration are inadmissible because they were not produced by

22   Defendant during discovery.  Obj. to Haemmig Decl. at 3-4.  The

23   documents attached to Haemmig's declaration are: (1) the

24   auctioneer's script for the postponement of the foreclosure sale

25   of Plaintiff's neighboring property; and (2) the postponement

26   script of another foreclosure sale that was postponed at the same

27   date, time, and location of the neighboring property's

28   postponement.  See Exs. 1-2 to Haemmig Decl., ECF 60-1.  These

8

1   documents are business records of Summit Ridge Services, Inc.,

2   the independent contractor foreclosure auctioneer.  Haemmig Decl.

3   ¶¶ 2-3, ECF 60-1.  Thus, they were not in Defendant's possession,

4   custody, or control.  Defendant had no ability or obligation to

5   produce these documents in its initial disclosures.  <u>See</u> Fed. R.

6   Civ. Pro. 26(1)(a)(ii).  Plaintiff's objection to these documents

7   is overruled.

8                    3.   <u>Judicial Notice</u>

9       Rule 201 of the Federal Rules of Evidence allows a court to

10  take judicial notice of an adjudicative fact that is "not

11  subject to reasonable dispute," because it (1) "is generally

12  known within the trial court's territorial jurisdiction"; or

13  (2) "can be accurately and readily determined from sources whose

14  accuracy cannot reasonably be questioned."  Fed. R. Evid.

15  201(a)-(b).  A Court may take judicial notice of matters of

16  public record.  <u>United States ex rel. Lee v. Corinthian</u>

17  <u>Colleges</u>, 655 F.3d 984, 999 (9th Cir. 2011).  Matters of public

18  record include "documents on file in federal or state courts."

19  <u>Harris v. County of Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012).

20      Defendant requests that the Court take judicial notice of

21  eight exhibits.  <u>See</u> Exs. 1-8 to Def. RJN, ECF No. 61.  Those

22  exhibits are: (1) the Grant Deed, dated August 18, 1987 and

23  recorded in the Nevada County Official Records on October 29,

24  1987 as Document No. 87 30610; (2) the First Amended Complaint

25  in this matter, filed by Plaintiff on March 18, 2015; (3) the

26  Grant and Reservation of Easement for Access & Recreation,

27  recorded in the Nevada County Official Records on July 12, 1988

28  as Document No. 88 17719; (4) the Easement Deed, recorded in the

9

1   Nevada County Official Records on September 27, 1988 as Document

2   No. 88 26119; (5) the Corporation Assignment of Deed of Trust,

3   dated July 14, 2014 and recorded in the Nevada County Official

4   Records as Document No. 20140013517; (6) Notice of Default,

5   recorded in the Nevada County Official Records on August 5, 2014

6   as Document No. 20140014719; (7) the Notice of Trustee's Sale,

7   dated December 2, 2014 and recorded in the Nevada County

8   Official Records on December 8, 2014 as Document No.

9   20140023981; and (8) the Trustee's Deed Upon Sale, dated October

10  29, 2014 and recorded in the Nevada County Official Records as

11  Document No. 20140021214.  Id.  Meanwhile, Plaintiff requests

12  the Court take judicial notice of "the Court's files, records[,]

13  and documents in this case," notably, the Court's Order on

14  Defendant's Motion for Judgment on the Pleadings.  See Pl. Req.

15  for Jud. Notice ("Pl. RJN"), ECF No. 63-2.

16      All the above are matters of public record, and therefore,

17  proper subjects of judicial notice.  The Court GRANTS Defendant

18  and Plaintiff's requests for judicial notice.

19          4.   Analysis

20      Defendant argues the Court should grant summary judgment

21  with respect to Plaintiff's first and second claims.  See Def.

22  Mot. at 2.  The remaining portions of Plaintiff's first claim ask

23  the Court for: (A) a declaration that Defendant's interest in the

24  neighboring property is void due to procedural defects in the

25  notice of sale; and (B) a declaration that that Plaintiff is

26  vested in title and interest in an easement over the neighboring

27  property to access Mosquito Creek and Deer Creek for purposes of

28  recreation, to maintain a defensible fire protection perimeter,

1    and as an emergency water source.  FAC ¶ 24(A)-(B).  Plaintiff's

2    second claim requests that the Court determine Defendant has no

3    right, title, or interest in the neighboring property that is

4    adverse or superior to Plaintiff's.  FAC ¶¶ 27-31.

5         For the reasons set forth below, the Court GRANTS

6    Defendant's motion for summary judgment as to all the remaining

7    claims against it in this case.

8                   a.   <u>Declaratory Relief</u>

9                        i.   <u>Validity of the Sale</u>

10        Plaintiff alleges that Defendant's deed over the neighboring

11   property is void because Plaintiff never received notice of the

12   foreclosure sale's postponement.  FAC ¶ 20.  Defendant argues

13   that notice of the postponement was given in accordance with

14   California Civil Code § 2924g and that there is no requirement

15   that Plaintiff receive actual notice of the postponement.  Def.

16   Mot. at 4.  Under California law, a non-judicial foreclosure sale

17   must be preceded by an official notice of sale.  Cal. Civ. Code

18   § 2924f.  A sale may be postponed at the discretion of the

19   trustee.  Cal Civ. Code § 2924g(c)(1)(D).  Each postponement must

20   be publicly announced in accordance with the following

21   requirements:

22        The notice of each postponement and the reason therefor

23        shall be given by public declaration by the trustee at

24        the time and place last appointed for sale.  A public

25        declaration of postponement shall also set forth the

26        new date, time, and place of sale and the place of sale

27        shall be the same place as originally fixed by the

28        trustee for the sale.  No other notice of postponement

                                 11

1   need be given.

2   Ca. Civ. Code § 2924g(d).  Including actual notice.  Actual

3   notice is not required "so long as notice is provided . . . in

4   compliance with the statute." Knapp v. Doherty, 123 Cal. App.

5   4th 76, 88 (2004).

6       Defendant has submitted evidence establishing that notice of

7   the oral postponement was given in accordance with § 2924g(d).

8   As noted above, in a sworn declaration, auctioneer Dana Haemmig

9   attests that, on November 26, 2014, at the entrance to the Nevada

10  County courthouse, she announced that the foreclosure sale would

11  be postponed until December 1, 2014.  Haemmig Decl. ¶ 7.  Her

12  testimony is corroborated by the auctioneer's script for the

13  postponement of the foreclosure sale that she created on November

14  26, 2014, concurrently with postponing the sale of the

15  neighboring property.  Haemmig Decl. ¶ 8.  This document was

16  maintained by her employer, Summit Ridge Services, Inc., as part

17  of its records on the foreclosed property.  See Ex. 1 to Haemmig

18  Decl.  Haemmig's script postpones the sale until December 1,

19  2014, specifies that two people were present when she made the

20  announcement, and explains that trustee discretion was the reason

21  for postponement.  Id.

22       Meanwhile, Plaintiff has not submitted any evidence that

23  directly refutes or contradicts Haemmig's declaration or the

24  auctioneer's script.  Plaintiff alleges that his agent, Michael

25  Nudelman, appeared at the Nevada County courthouse in time for

26  the November 26, 2014 sale, but that he did not hear Haemmig's

27  announcement.  Opp'n to Def. Mot. at 7.  It is not alleged that

28  Haemmig did not, in fact, announce the postponement.  Plaintiff

1   makes reference in his opposition to a declaration from Mr.

2   Nudelman, Opp'n to Def. Mot. At 6-7; but Plaintiff failed to file

3   this declaration along with his opposition.  Portions of

4   Nudelman's deposition testimony are however attached to

5   Defendant's motion.  The Court notes that nowhere in this

6   testimony does Nudelman directly contend that Haemmig did not

7   make an announcement.  See Nudelman Dep. Tr., ECF No. 60-2.

8        The Court cannot rely on conclusory or speculative testimony

9   from a declaration that was not filed or on unsupported

10  allegations in opposing papers to find genuine issues of material

11  fact.  Thornhill Publ'g Co., Inc. v. GTE Corp., 594 F.2d 730, 738

12  (9th Cir. 1979) (citing Fed. R. of Civ. Pro. 56(e)); see

13  Crescenzo v. Wells Fargo Bank NA, Case No. 11-CV-02507, WL 510045

14  at *4 (C.D. Cal. 2013) (finding evidence of a supposed

15  cancellation of a foreclosure sale insufficient to create a

16  genuine issue of material fact as to whether the auctioneer

17  publicly announced the postponement of the sale). Plaintiff has

18  failed to make a sufficient showing to establish that Defendant

19  did not comply with the requirements of § 2924g.  See Reynolds v.

20  SunTrust Mortg., Inc., Case No. 10-CV-1508, WL 5884258 at *4

21  (E.D. Cal. 2011) (plaintiffs declaration stating he never

22  received or saw notices of a foreclosure sale was insufficient

23  to: (1) overcome the common law presumption that a nonjudicial

24  foreclosure sale is properly conducted; (2) dispute defendant's

25  claim that it complied with nonjudicial foreclosure procedures;

26  and, thus, failed to raise a triable issue of material fact).

27  ///

28  ///

1    Defendant, by contrast, has shown, as a matter of law, that
2    the postponement complied with the notice requirements and the
3    foreclosure sale was therefore valid.  Accordingly, the Court
4    GRANTS Defendant's Motion for Summary Judgment on part (A) of
5    Plaintiff's first claim for declaratory relief.

6                    ii.   Plaintiff's Easement

7    Plaintiff asks the Court to declare he is vested in title
8    and interest in an easement over the neighboring property "to
9    access Mosquito Creek and Deer Creek for purposes of
10   recreation[,] to maintain a defensible fire protection
11   perimeter[,] and as an emergency water source."  FAC ¶ 24(B).
12   Defendant argues Plaintiff already holds a recorded easement that
13   allows him "access and recreation over the westerly five feet and
14   the northerly fifty feet" of the neighboring property.  Def. Mot.
15   at 9 (citing Easement Deed, Ex. 4 to Def. RJN, ECF No. 61).  As a
16   result, there is no present controversy and Plaintiff has not
17   stated a claim for declaratory relief.  Id.

18   Article III limits judicial adjudication to actual cases or
19   controversies.  Thus, "[w]hen presented with a claim for a
20   declaratory judgment, [] federal courts must take care to ensure
21   the presence of an actual case or controversy, such that the
22   judgment does not become an unconstitutional advisory opinion."
23   Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1157 (9th Cir.
24   2007).  "To determine whether a declaratory judgment action
25   presents a justiciable case or controversy, courts consider
26   "whether the facts alleged, under all the circumstances, show
27   that there is a substantial controversy, between parties having
28   adverse legal interests, or sufficient immediacy and reality to

                                   14

1  warrant the issuance of a declaratory judgment."  Shell Gulf of

2  Mexico, Inc. v. Center for Biological Diversity, Inc., 771 F.3d

3  632, 635 (9th Cir. 2014) (internal quotation marks and citation

4  omitted).

5     It is undisputed that Plaintiff holds an express easement

6  "for access and recreation" over a portion of the neighboring

7  property.  See Easement Deed, Ex. 4 to Def. RJN.  Plaintiff's

8  easement gives him access to the westerly five feet and the

9  northerly fifty feet of the neighboring property.  Id.

10 Nonetheless, Plaintiff requests a declaratory judgment that he is

11 vested in title and interest in an easement over the neighboring

12 property.  See FAC ¶ 24(B).  Plaintiff's FAC describes how, on

13 July 12, 1988, he became vested in title with an easement over

14 the neighboring property and then, on September 27, 1988, he

15 became vested with a further easement over the property.  FAC

16 ¶ 11. These allegations are uncontroverted.  As a result, there

17 is no substantial controversy or need for declaratory relief.

18    To the extent that Plaintiff seeks an expansion of this

19 easement—to give him the ability to "maintain a defensible fire

20 protection perimeter," see FAC ¶ 24(B)—the Court declines to do

21 so.  In effect, Plaintiff requests, in part (B) of his first

22 claim, the same relief he requests in his second claim, i.e., an

23 easement by implication.  "An implied easement may arise when,

24 under certain specific circumstances, the law implies an intent

25 on the part of the parties to a property transaction to create or

26 transfer an easement even though there is no written document

27 indicating such an intent."  Mikels v. Rager, 232 Cal. App. 3d

28 334, 357 (1991).  Here, there is a written document setting forth

15

1   the grantor's intent.  See Easement Deed, Ex. 4 to Def. RJN.

2   Moreover, Defendant admits the grantor "wanted [him] to stop

3   removing the dangerous brush, underwood and trees."  Vodonick

4   Decl. ¶ 5, ECF No. 64.  Thus, the grantor's intent is clear.

5        The existence of the express easement detailing the scope of

6   Plaintiff's access to the neighboring property therefore obviates

7   the need for the Court to declare Plaintiff is vested in title

8   and interest in an easement over the neighboring property.

9   Moreover, the express easement precludes the Court from expanding

10  its scope by way of granting an easement by implication.

11  Accordingly, the Court GRANTS Defendant's Motion for Summary

12  Judgment on part (B) of Plaintiff's first claim for declaratory

13  relief.

14            b.   Quiet Title Easement by Implication

15       For the reasons set forth above, the Court does not, as a

16  matter of law, find there exists an easement by implication.  See

17  Hansen v. Danielson, 136 Cal. App. 2d 653, 656 (1955) ("[A]

18  judgment quieting title cannot enlarge the grant made by the

19  parties.")  Accordingly, the Court GRANTS Defendant's Motion for

20  Summary Judgment on Plaintiff's second claim for quiet title

21  easement by implication.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

16

1

2                              III.   ORDER

3          For the reasons set forth above, the Court DENIES

4    Plaintiff's Motion to Amend the First Amended Complaint and

5    GRANTS Defendant's Motion for Summary Judgment on Plaintiff's

6    remaining claims.   The Clerk of the Court is therefore directed

7    to close the case.

8          IT IS SO ORDERED.

9    Dated: June 2, 2020

10

11                                    _____
                                      JOHN A. MENDEZ,
                                      UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28